*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-BG-327

IN RE EDUARDO F. JUSTO DE POMAR, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 492823)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(DDN 290-16 & 168-17)

(Decided: April 28, 2022)

Before EASTERLY[1], *Associate Judge*, and WASHINGTON[2] and THOMPSON,[3] *Senior Judges*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R.

---

[1] Judge Easterly dissents from this negotiated disciplinary opinion.

[2] Senior Judge Washington replaces Senior Judge Nebeker, who is retired.

[3] Senior Judge Thompson was an Associate Judge at the time this matter came before the court. On October 4, 2021, she was appointed as a Senior Judge but she continued to serve as an Associate Judge until February 17, 2022. *See* D.C. Code § 11-1502 & 1504(b)(3) (2012 Repl.). On February 18, 2022, she began her service as a Senior Judge. *See* D.C. Code § 11-1504.

XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Ad Hoc Hearing Committee (the Committee) recommends approval of an amended petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). The amended petition is based on Respondent's voluntary acknowledgment that Respondent failed to provide competent representation to two separate clients.

Respondent acknowledged that during his representation of these clients he failed to (1) reasonably inform his clients about the status of a matter, (2) keep and preserve complete records of trust funds, (3) keep advance fees in a trust account, (4) withdraw from representation when a physical or mental condition materially impaired his ability to represent his client, and (5) surrender papers, and as well (6) charged an unreasonable fee. As a result of his actions, Respondent violated D.C. Rules of Professional Conduct 1.1(a) &(b); 1.3(a), (b)(1) & (b)(2); 1.4(b); 1.5(a) & (b); 1.15(a), (b) & (e); 1.16(d); 3.3(a); and 8.1(a). The proposed discipline is a nine-month suspension with 120 days stayed with conditions. In the event Respondent fails to comply with these conditions, he will serve the full term of his suspension.

We initially held this matter in abeyance and requested the views of the Board on Professional Responsibility (the Board) as to the appropriateness of the sanction. The Board in turn remanded the matter to the Committee. After the Committee provided additional information, the Board recommended that the Court accept the petition. Now having reviewed the Committee's and Board's recommendations, and in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree this case is appropriate for negotiated discipline and that the proposed disposition is not unduly lenient or inconsistent with dispositions imposed for comparable professional misconduct. Accordingly, it is

ORDERED that Respondent Eduardo F. Justo de Pomar is hereby suspended from the practice of law in the District of Columbia for nine months, with 120 days stayed on the condition that he not engage in any misconduct in this or any other jurisdiction within a year of his reinstatement. Additionally, we direct Respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for his suspension to be deemed effective purposes of reinstatement.

*So ordered.*